ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
J. MARK CHILDS
Cal. State Bar No.: 162684
Assistant United States Attorney
Organized Crime Drug Enforcement Task Force
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2433
    Facsimile: (213) 894-0142
    E-mail: Mark.Childs@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR 08-1033-CAS |
| Plaintiff, | ) |
| | ) PLEA AGREEMENT FOR DEFENDANT |
| v. | ) MEIR ABERGIL |
| | ) |
| MEIR ABERGIL, | ) |
| aka "Meir Abergel," | ) |
| | ) |
| Defendant. | ) |

1. This constitutes the plea agreement between MEIR ABERGIL, also known as "Meir Abergel" (hereinafter, "defendant"), and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

RULE 11(c)(1)(C) AGREEMENT

2. Defendant understands that this agreement is entered

2011-08-17 18:34 Encino, MA 143 01 Case 2:08-cr-01033-CAS Document 146 Filed 08/18/11 818-718-3225 Page 2 of 20 Page ID #:2520

AUG. 17. 2011 12:54PM    US ATTORNEYS OFFICE                    NO. 6818    P. 4

1  into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).
2  Accordingly, defendant understands that, if the Court determines
3  that it will not accept this agreement, absent a breach of this
4  agreement by defendant prior to that determination and whether or
5  not defendant elects to withdraw any guilty plea entered pursuant
6  to this agreement, this agreement will, with the exception of
7  paragraph 20 below, be rendered null and void and both defendant
8  and the USAO will be relieved of their obligations under this
9  agreement. Defendant agrees, however, that if he breaches this
10 agreement prior to the Court's determination whether to accept
11 this agreement, the breach provisions of this agreement,
12 paragraphs 23 and 24 below, will control, with the result that
13 defendant will not be able to withdraw any guilty plea entered
14 pursuant to this agreement, the USAO will be relieved of all of
15 its obligations under this agreement, and the Court's failure to
16 follow any recommendation or request regarding sentence set forth
17 in this agreement will not provide a basis for defendant to
18 withdraw his guilty plea.

                    **DEFENDANT'S OBLIGATIONS**

20    3.  Defendant agrees to:

21         a) Give up the right to indictment by a grand jury and,
22 at the earliest opportunity requested by the USAO and provided by
23 the Court, appear and plead guilty to a single-count information
24 in the form attached to this agreement as Attachment C or a
25 substantially similar form, alleging a violation of Title 18,
26 United States Code, Section 894 in <u>United States v. Meir Abergil</u>,
27 No. CR 08-1033(A)-CAS ("information").

28         b) Not contest any facts agreed to in this agreement.

                                2

Case 2:08-cr-01033-CAS   Document 146   Filed 08/18/11   Page 3 of 20   Page ID #:3528
2011-08-17 18:34  Encino, MAC        143-01           818 716 3225 >>

AUG. 17. 2011 12:55PM    US ATTORNEYS OFFICE                              NO. 6818   P. 5

1         c) Abide by all agreements regarding sentencing factors
2    contained in this agreement.
3         d) Appear for all court appearances, surrender as
4    ordered for service of sentence, obey all conditions of any bond,
5    and obey any other ongoing court order in this matter.
6         e) Not commit any crime; however, offenses that would
7    be excluded for sentencing purposes under United States
8    Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines")
9    § 4A1.2(c) are not within the scope of this agreement.
10        f) Be truthful at all times with Pretrial Services, the
11   United States Probation Office, and the Court.
12        g) Pay the applicable special assessment at or before
13   the time of sentencing unless defendant lacks the ability to pay
14   and submits a completed financial statement (form OBD-500) to the
15   USAO prior to sentencing.
16        h) Not seek the discharge of any restitution
17   obligation, in whole or in part, in any present or future
18   bankruptcy proceeding.
19        i) Gives up and waives any and all objections to venue
20   and jurisdiction for the single-count information. Defendant
21   agrees that the United States District Court for the Central
22   District of California has jurisdiction and is the appropriate
23   venue to adjudicate the single count-information and indictment.
24        j) Gives up and waives any and all arguments that the
25   United States District Court for the Central District of
26   California is precluded from imposing a judgment or sentence for
27   defendant's guilty plea to the single-count information based on
28   the rule of speciality, the rule of comity, or any and all

extradition orders or rulings from any court in Israel, or any legal authority in Israel. Defendant expressly agrees that the United States District Court for the Central District of California has the legal authority to accept a guilty plea, and impose judgment and sentence against defendant for the single-count information, and waives any arguments to the contrary.

## THE USAO'S OBLIGATIONS

4. The USAO agrees to:

   a) Not contest any facts agreed to in this agreement.

   b) Abide by all agreements regarding sentencing factors contained in this agreement.

   c) At the time of sentencing, move to dismiss the indictment of <u>United States v. Meir Abergil</u>, No. CR 08-1033-CAS ("indictment") as against defendant, only.

## NATURE OF THE OFFENSE

5. Defendant understands that to be guilty of the crime charged in the single-count information, a violation of Title 18, United States Code, Section 894, the following must be true: First, defendant knowingly used or participated in the use of extortionate means to collect an extension of credit or loan from another. Second, defendant expressly or implicitly threatened the use of violence or other criminal means to cause harm to the person, reputation, or property of any person. Defendant admits that he is, in fact, guilty of this offense as described in the single-count information.

## PENALTIES AND RESTITUTION

6. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18,

United States Code, Section 894 is: twenty years imprisonment; a three-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7. Defendant agrees to make full restitution for the losses caused by his activities. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the amount of restitution is not restricted to the amounts alleged in the single-count information to which defendant is pleading guilty and may include losses arising from counts dismissed from the indictment pursuant to this agreement, as well as all relevant conduct in connection with those counts. There is no agreement on the amount of restitution.

8. Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in his serving a total term of imprisonment greater than the statutory maximum stated above.

9. Defendant understands that, by pleading guilty, he may be giving up valuable government benefits and valuable civil rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a

2011-08-17 18:35 Encino, Mar 1143-01 818-716-3225 >> P 6/20
Case 2:08-cr-01033-CAS Document 146 Filed 08/18/11 Page 6 of 20 Page ID #:2601

AUG. 17. 2011 12:55PM   US ATTORNEYS OFFICE                    NO. 6818   P. 8

1  jury. Defendant understands that once the Court accepts his
2  guilty plea, it will be a federal felony for defendant to possess
3  a firearm or ammunition. Defendant understands that the
4  conviction in this case may also subject him to various other
5  collateral consequences, including but not limited to revocation
6  of probation, parole, or supervised release in another case, and
7  suspension or revocation of a professional license. Defendant
8  understands that unanticipated collateral consequences will not
9  serve as grounds to withdraw his guilty plea.

10      10. Defendant understands that, if he is not a United
11 States citizen, the felony conviction in this case may subject
12 him to removal, also known as deportation, which may, under some
13 circumstances, be mandatory. The Court cannot, and defendant's
14 attorney also may not be able to, advise him fully regarding the
15 immigration consequences of the felony conviction in this case.
16 The USAO has not made any representations regarding the
17 immigration consequences of the felony conviction in this case.
18 Defendant understands that by entering a guilty plea he waives
19 any claim that unexpected immigration consequences may render
20 defendant's guilty plea invalid.

21                          FACTUAL BASIS
22     11. Defendant and the USAO agree to the statement of facts
23 provided in "Attachment A" and "Attachment B" attached hereto and
24 incorporated into this agreement. Defendant and the USAO agree
25 that this statement of facts is sufficient to support a plea of
26 guilty to the charge described in this agreement, and to
27 establish the Sentencing Guidelines factors set forth in
28 paragraph 13 below, but is not meant to be a complete recitation

Case 2:08-cr-01033-CAS   Document 146   Filed 08/18/11   Page 7 of 20   Page ID #:2000
2011-08-17 18:35  Encino, MAC       143-01         818-716-3225 >>

AUG. 17. 2011 12:56PM    US ATTORNEYS OFFICE                       NO. 6818  P. 9

of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

### SENTENCING FACTORS AND AGREED-UPON SENTENCE

12. Defendant understands that in determining his sentence the court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the United States Sentencing Guidelines ("U.S.S.G."). Defendant understands that the Sentencing Guidelines are advisory only.

13. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level : | 20 | [U.S.S.G. § 2E2.1: Collection of Extension of Credit by Extortionate Means] |
| Adjustments : | +2 | [U.S.S.G. § 3B1.1(c): Leadership] |
| Acceptance of Responsibility : | -3 | [U.S.S.G. §§ 3E1.1(a), (b)] |
| Total Adjusted Offense Level : | 19 | |
| Criminal History Category : | | Criminal History Category II or Criminal History Category III |
| Fine : | $10,000 - $100,000 | [U.S.S.G. § 5E1.2] |

In regards to the total adjusted offense level under the U.S.S.G., the parties agree not to argue that any other specific offense characteristics, adjustments, or departures be imposed.

14. Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant Sentencing Guidelines factors set forth above, an appropriate

7

1  disposition of this case is that the court impose a term of
2  imprisonment of 42 months. The parties agree that defendant
3  qualifies for criminal history category II or criminal history
4  category III. Accordingly, defendant and the USAO agree that if
5  the court accepts this agreement, it will be obligated to impose
6  a sentence that includes a term of imprisonment of 42 months.
7      15. The parties do not agree on the imposition and amount
8  of any fine, or the term or conditions of supervised release.

                    WAIVER OF CONSTITUTIONAL RIGHTS

10     16. Defendant understands that by pleading guilty, he gives
11 up the following rights:
12         a) The right to persist in a plea of not guilty.
13         b) The right to a speedy and public trial by jury.
14         c) The right to the assistance of an attorney at trial,
15 including the right to have the Court appoint an attorney to
16 represent defendant at trial. Defendant understands, however,
17 that, despite his guilty plea, defendant retains the right to be
18 represented by an attorney -- and, if necessary, to have the
19 Court appoint an attorney if defendant cannot afford one -- at
20 every other stage of the proceeding.
21         d) The right to be presumed innocent and to have the
22 burden of proof placed on the government to prove defendant
23 guilty beyond a reasonable doubt.
24         e) The right to confront and cross-examine witnesses
25 against defendant.
26         f) The right to testify on his own behalf and present
27 evidence in opposition to the charges, including calling
28 witnesses and subpoenaing those witnesses to testify.

1  g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

i) Additionally, by pleading guilty, defendant gives up any and all rights to raise any defense based on the statute of limitations, venue, jurisdiction, the Speedy Trial Act or the timeliness of prosecution. Defendant submits to and waives any argument about the jurisdiction and venue of the United States District Court for the Central District of California.

## WAIVER OF APPEAL OF CONVICTION

17. Defendant understands that by pleading guilty defendant is waiving and giving up any right to appeal his conviction on the offense to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18. Defendant agrees that he gives up and waives the right to appeal any and all portions of defendant's sentence as long as all portions of the sentence are at or below the statutory maximum specified above, and the term of imprisonment is 42 months.

19. The USAO agrees that the USAO gives up and waives the right to appeal any and all portions of defendant's sentence as long as all portions of the sentence are at or below the statutory maximum specified above, and the term of imprisonment is 42 months.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing his guilty plea on any basis, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## AGREEMENT REGARDING EXTRADITION

21. Pursuant to 18 U.S.C. § 3585(b), the parties stipulate to the following: the United States formally requested the extradition of defendant from Israel. On or about August 24, 2008, defendant was taken into custody by the government of Israel pursuant to the provisional arrest warrant from the United States. Defendant remained in continuous custody until his extradition to the United States. The government of Israel affirmed the extradition of defendant from Israel to the United States. On or about January 12, 2011, defendant came into the custody of the United States from Israel, pursuant to the extradition warrant from the United States. The time in custody from August 24, 2008 to the date of signing this agreement has

not been credited against any other sentence. The USAO recommends that the period of time from August 24, 2008 to the date sentence is imposed against defendant in this case should be credited toward the sentence that defendant receives in this case. However, the United States Bureau of Prisons ("BOP"), not the USAO, makes the determination of credit for defendant's prior custody under 18 U.S.C. § 3585(b). The USAO's recommendation in this paragraph is not binding on the BOP and the BOP's failure to follow this recommendation will not provide a basis for defendant to withdraw his guilty plea.

## EFFECTIVE DATE OF AGREEMENT

22. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

23. Defendant agrees that if he, at any time after the signature of this agreement and execution of all required certifications by defendant, his counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of his obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. For instance, an obligation of defendant is, at the earliest opportunity requested by the USAO and provided by the Court, to appear and plead guilty to the single-count information, as described in paragraph 3(a). Also, an obligation of defendant is to appear and be sentenced to the single-count

information. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw his guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw his guilty plea.

24. Following the Court's finding of a knowing breach of this agreement by defendant and regardless if defendant did or did not enter a guilty plea, should the USAO choose to pursue any charge that is or was in the information or indictment or any charge that was either dismissed or was not filed as a result of this agreement, then:

    a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c) Defendant agrees that: (i) any statements made by him, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); and (ii) the entire agreed to factual basis statement in this agreement, attached as Attachments A and B hereto or any evidence derived from such

statements, shall be admissible against defendant in any such action (such as, the trial on the charges in the indictment or information), including in the government's case-in-chief as admissions of defendant, and defendant waives, surrenders, and gives up any argument based on the Federal Rules of Evidence, the United States Constitution, any federal or state statute, Rule 410 of the Federal Rules of Evidence, or Rule 11(f) of the Federal Rules of Criminal Procedure that the statements in the agreed to factual basis, attached as Attachments A and B hereto, or any evidence derived from the statements, should be suppressed or are inadmissible in the government's case-in-chief in any trial, including trial on the charges in the indictment or information.

## COURT AND PROBATION OFFICE NOT PARTIES

25. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing. Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

26. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations, and (c) argue on appeal and collateral review that the Court's Sentencing

13

Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

## NO ADDITIONAL AGREEMENTS

27. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or his attorneys, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court. Again, no promises, no understandings and no agreements between the USAO and defendant or his attorneys exist, except as set forth herein in this written plea agreement.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED TO AND ACCEPTED BY:

UNITED STATES ATTORNEY'S OFFICE
CENTRAL DISTRICT OF CALIFORNIA

_____        8-18-11
J. MARK CHILDS                   Date
Assistant United States Attorney

_____   8.17.11
MEIR ABERGIL                  Date
Defendant

_____   8-17-11
ANTHONY P. BROOKLIER          Date
Attorney for Defendant
MEIR ABERGIL

### CERTIFICATION OF DEFENDANT

This agreement has been read to me in Hebrew, the language I understand best. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorneys. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorneys, and my attorneys have advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorneys in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and for no other reason.

_____   8.17.11
MEIR ABERGIL                  Date
Defendant

## CERTIFICATION OF INTERPRETER

I, **Tiffany E. Feder**, am fluent in the written and spoken English and Hebrew languages. I accurately translated this entire agreement from English into Hebrew to defendant MEIR ABERGIL on this date.

_____          8/17/2011
Interpreter                                 Date

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am MEIR ABERGIL's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          8-17-11
ANTHONY P. BROOKLIER                       Date
Attorney for
Defendant MEIR ABERGIL

ATTACHMENT A TO PLEA AGREEMENT

Defendant, Meir Abergil, admits that, as alleged in _____, defendant knowingly participated in the use of extortionate means to collect and attempt to collect an extension of credit in the Central District of California and elsewhere in violation of 18 U.S.C. § 894.

Defendant, Meir Abergil, admits that in the year 2003 he made direct and implied threats to Assaf Waknine in an effort to collect approximately $1,350,000.00 that had previously been given to Assaf Waknine and his brother, Hai Waknine, as an extension of credit.

Specifically, on August 6, 2003 defendant personally met with Assaf Waknine and demanded the return of the $1,350,000.00 through the use of direct and implied threats. Later, as a result of the express and implied threats of defendant, ^a portion of said $1,350,000.00 was repaid.

I, Tiffany Feder, state that I am an attorney licensed by the State Bar of California. My State Bar No. is 262644.
On August 5, 2011, I personally translated the above "Attachment A to Plea Agreement" to Meir Abergil while at the attorney room of the Federal Metropolitan Detention Center, Los Angeles, California. Also, present was Meir Abergil's attorney of record, Anthony P. Brooklier.
After translating Attachment A to Meir Abergil, he indicated he understood the terms and statements contained in Attachment A and that he agreed that the statements and facts contained therein are true and correct.

_____ 8.5.11                    _____ 8/5/2011
Meir Abergil                                Tiffany Feder

Attachment B to the Plea Agreement

In and around August 2003, Assaf Waknine communicated to Hai Waknine, who was in the Central District of California at the time, that defendant Meir Abergil had made direct and implied threats to Assaf Waknine in an effort to collect said $1,350,000. Defendant Meir Abergil expected that Assaf Waknine would communicate to Hai Waknine in Los Angeles said threats from defendant. Later, as a result of defendant's threats, Hai Waknine paid a portion of the $1,350,000 through the use of a financial institution in the Central District of California.

*[signature]*  8.17.11

Attachment C

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 08-1033(A)-CAS |
| Plaintiff, | ) | **I N F O R M A T I O N** |
| v. | ) | [18 U.S.C. § 894: Collection of Extensions of Credit By Extortionate Means] |
| MEIR ABERGIL, | ) | |
| Defendant. | ) | |

The United States Attorney charges:

[18 U.S.C. § 894]

Beginning on a date unknown and continuing in or about September 2003, in Los Angeles County, within the Central District of California, and elsewhere, defendant MEIR ABERGIL

///
///
///
///
///
///
///

1  participated in the use of extortionate means to collect and
2  attempt to collect an extension of credit and to punish a person
3  for the non-repayment of an extension of credit, in that
4  defendant MEIR ABERGIL did knowingly and unlawfully threaten,
5  expressly and implicitly, the use of violence and other criminal
6  means to cause harm to the person of Assaf Waknine, in order to
7  collect and attempt to collect an extension of credit from Assaf
8  Waknine and Hai Waknine, and to punish Assaf Waknine and Hai
9  Waknine for the non-repayment thereof.

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

RODRIGO A. CASTRO-SILVA
Assistant United States Attorney
Chief, OCDETF Section

J. MARK CHILDS
Assistant United States Attorney
OCDETF Section

MARK R. AVEIS
Assistant United States Attorney
National Security Section

2