Attachment 1

**Childs, Mark (USACAC)**

| | |
|---|---|
| **From:** | Eliezer Ben-Shmuel [███████████████] |
| **Sent:** | Friday, August 19, 2011 3:54 PM |
| **To:** | Childs, Mark (USACAC) |
| **Cc:** | Corinne Nastro; George Cho; Sarah Schuh |
| **Subject:** | Re: Meir Abergil. BOP Reg. # 31144053. |

Mark:

Before addressing the likely calculation of Mr. Abargel's sentence, I need to provide the following observations:

1) First, it is difficult and not appropriate for the BOP to calculate an inmate's credits prior to sentencing.  Good Conduct Time credits are authorized under 18 U.S.C. § 3624.  Pre-sentence custody credit is calculated pursuant to 18 U.S.C. § 3585(b).  Regardless of which of these credits we are discussing, however, "Congress has indicated that computation of the credit must occur after the defendant begins his sentence." U.S. v. Wilson, 503 U.S. 329, 333, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992).  The District Court is not authorized to calculate these credits at sentencing.  Id., United States v. Lualemaga, 280 F.3d 1260, 1265 (9th Cir.2002) ("The initial calculation [of credit for time served] must be made by the Attorney General acting through the Bureau of Prisons."); U.S. v. Peters, 470 F.3d 907, 909 (9th Cir.2006)(same).

2)  Having now looked at the Court's order, the BOP is being asked "whether it will honor the Court's
recommendation that defendant Meir Abergil be credited for his time in custody in Israel."  The answer to that question is obviously important because, Mr. Abargel was in custody in Israel from August 24, 2008 through January 21, 2011.  The issue, then, is whether any of that time is creditable under 18 U.S.C. § 3585(b) and whether he will be given additional Good Conduct Time credit for that time under 18 U.S.C. § 3624.  Unfortunately, the BOP simply does not have enough information to provide a definitive response to this questions.

Under 18 U.S.C. § 3585(b), an inmate is entitled to credit for time spent in custody prior to the imposition of sentence **only if** that time has not been credited against any other sentence.  Put simply, if Mr. Abargel was detained Israeli authorities based **solely** on the current federal charges, then all of the time he spent in custody in Israel will likely be credited against his sentence.  However, if he was simultaneously detained on both the current federal charges and on Israeli criminal charges and the time he spent in Israeli custody has or will be credited against the Israeli charges, then Mr. Abargel cannot also receive credit against his federal sentence for that time in custody.  U.S. v. Wilson, 503 U.S. at 337.  By the same token, the BOP will have to evaluate whether to award Mr. Abargel any Good Conduct Time credit against his federal sentence for the time he spent in custody in Israel.  See, Schleining v. Thomas, 642 F.3d 1242 (9th Cir.2011)(Inmate is not entitled to GCT credit for time spent in custody serving a state sentence before the commencement of his federal sentence.)

3) The determination of pre-sentence custody credit and GCT credit will be made by staff working at the BOP's Designation and Sentence Computation Center.  Before performing that computation, they will need the PSR, the executed J&C and verification from DOJ's Office of International Affairs as to the basis of the Israeli detention, including whether there are any charges pending against Mr.

Abargel in Israel.  Further, the documents and information needs to be submitted via appropriate channels.  Thus, the USMS needs to upload the J&C and PSR via the e-Designate system as soon as practicable.  Similarly, the DOJ's Office of International Affairs needs to work with the DSCC directly and with Israeli authorities to verify the character of the time Mr. Abargel spent in custody in Israel from August 24, 2008, through January 12, 2011.

To be clear, **I am not authorized to compute Mr. Abargel's sentence; am not able to definitively award him credit under either § 3585(b) or § 3624(b)(1); and am not authorized to provide a definitive answer to the Court's questions.**   Instead, all I can do is indicate the documents and information the BOP will need before it can compute Mr. Abargel's sentence.

4) Finally, you asked what the likely sentence computation would be assuming that BOP credits all of the time Abargel spent in custody from August 24, 2008, through January 12, 2011, against the federal sentence.  Ffor purposes of this discussion, I will assume that Mr. Abargel has been in continuos custody since August 24, 2008, and that this custody has been solely due to the current federal charges.  I will also assume that there are no pending criminal charges in Israel against which his time in custody would be credited.  Finally, I will assume that on Monday, August 22, 2011, the District Court will impose a sentence of 42 months imprisonment.

Based on these assumptions, Mr. Abargel's sentence would be computed as follows:

a) His federal sentence will commence on August 22, 2011.  18 U.S.C. § 3585(a);  Schleining v. Thomas, 642 F.3d at 1249.

b) He would be entitled to pre-sentence custody credit from August 24, 2008, through August 21, 2011, the day before his sentence commences.  18 U.S.C. § 3585(b).

c) He would be entitled to 165 days of GCT credit (54 for each full year in custody, plus 3 days prorated for the final partial year).  18 U.S.C. § 3624(b)

Based on the forgoing, I calculate that Mr. Abargel's projected release date would be September 14, 2011.

I trust that this is of assistance.

As we discussed, I will be out of the office all of next week and will not be able to access e-mail or voicemail until my return on August 29, 2011.

Eli

Eliezer Ben-Shmuel
Supervisory Attorney
Los Angeles CLC
535 N. Alameda Avenue
Los Angeles, CA 90012
tel: ██████████████
fax: ██████████████

ATTORNEY WORK PRODUCT - Do not release or disseminate further without permission.

SENSITIVE/PRIVILEGED COMMUNICATION
The information contained in this electronic message and any and all accompanying documents constitutes sensitive information.  This information is the property of the U.S. Department of Justice.
If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited.  If you received this message in error, please notify us immediately at the above number to make arrangements for its return to us.

>>> "Childs, Mark (USACAC)" <Mark.Childs@usdoj.gov> 8/19/2011 1:36 PM >>>

<<Filed Plea Agreement for MA.pdf>>

Eli:  Today, Meir Abergil pled guilty to a stipulated sentence of 42 months.

Judge Snyder issued a minute order (I will send to you once received) requesting that by Monday, August 22 at noon, BOP calculate the good time credit for MA under 18 USC 3585(b).   If you could kindly provide me a letter or an e-mail by Monday noon, no appearance is necessary.

Please look at paragraph 21 of the attached plea agreement.  In short, Meir Abergil has been in custody in Israel on this case awaiting extradition from August 24, 2008 to January 12, 2011, and in BOP's custody since January 12, 2011 to the present (August 19).   Thus, MA has served 36 months in custody and pled guilty to a 42 month sentence.    With good time credit calculations, it appears that it would be timed served sentence.   Please advise whether you agree.

--Mark--


J. Mark Childs

Assistant United States Attorney

U.S. Attorney's Office for the Central District of California

Organized Crime Drug Enforcement Task Force

312 N. Spring Street, 14th Floor

Los Angeles, California 90012



3